UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JASMINE CAMPBELL,

                        Plaintiff,

           -against-                                     **AMENDED *SUA SPONTE* REPORT & RECOMMENDATION**

LEYDI TAVERAS, *ACS Case Worker*, *et al.*,         24-CV-653 (RPK)(MMH)

                      Defendants.
-------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Jasmine Campbell filed this *pro se* action on January 24, 2024, and on March 18, 2024, submitted an Amended Complaint. On July 8, 2024, the Court respectfully and *sua sponte* recommended that the Amended Complaint should be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. As explained below, this Amended Report and Recommendation clarifies that the Amended Complaint should be dismissed as to all Defendants, including Defendant Leydi Taveras. The Court's previous recommendation that Plaintiff should be granted leave to file a second amended complaint within thirty (30) days after the adoption of this Amended Report and Recommendation, if any, remains the same.

**I.    BACKGROUND**

       On January 24, 2024, Plaintiff filed this action naming Defendant Leydi Taveras, a New York City Administration for Children's Services ("ACS") caseworker, as the sole Defendant. (ECF No. 1.) By Order dated February 14, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* and directed the Clerk of Court to issue a summons and serve Defendant Taveras. (Feb. 14, 2024 Order, ECF No. 4.) On March 18, 2024, Plaintiff

filed an Amended Complaint naming 47 additional Defendants. (Am. Compl., ECF No. 8.) By Order dated May 7, 2024, the Court directed the Clerk of Court to issue amended summonses and serve them on the Defendants, except for Defendant Vernon Sutton.[1] To date, eight named defendants have filed answers challenging their involvement in and relevance to this case. (*See* ECF Nos. 13–18, 20–23.)

Upon further review, the Court finds that the Amended Complaint, spanning 102 pages and attaching 112 additional pages of exhibits,[2] fails to allege with sufficient factual detail Plaintiff's claims against Defendant Taveras and the 47 additional Defendants. Liberally construed, in the Amended Complaint, Plaintiff states that in 2022, ACS opened an investigation against Plaintiff. (Am. Compl., ECF No. 8 at 29.) However, it appears that the charges against Plaintiff were deemed unsubstantiated, and in September 2023, that case was sealed. (ECF No. 8-1 at 51.) Plaintiff also appears to bring claims against her landlord for an eviction. (Am. Compl., ECF No. 8 at 85–86.) Plaintiff seeks monetary damages for these alleged harms.

## II.   STANDARD OF REVIEW

The Court must dismiss an action filed *in forma pauperis* by a non-prisoner if the Court determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from

---

[1] The Court previously directed Plaintiff to provide a mailing address for Defendant Sutton by May 20, 2024. To date, Plaintiff has not submitted the mailing address to the Court.

[2] The Court respectfully directs the Clerk of Court to restrict access to the exhibits attached to the Amended Complaint to party-view only because Plaintiff includes the full name and date of birth of her minor child on some of the documents. *See* Fed. R. Civ. P. 5.2(a)(3).

such relief." 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court must construe a *pro se* Plaintiff's pleadings liberally, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petro. Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### III.   DISCUSSION

####    A.   Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible if Plaintiff pleads sufficient factual detail to allow the Court to infer that the defendant is liable for the alleged misconduct. In reviewing the Amended Complaint, the Court must accept all well-pleaded factual allegations as true, *Iqbal*, 556 U.S. at 678–79, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible, not merely possible, that the pleader is entitled to relief. *Id.*

In addition to requiring sufficient factual matter to state a plausible claim for relief, Rule 8(a)(2) also requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if

3

it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "It is not the Court's job—nor the opposing party's—to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139 (AT)(BCM), 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. N.Y.*, No. 20-CV-4441 (LLS), 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)), *adopted by* 2023 WL 3746617 (S.D.N.Y. Mar. 20, 2023).

Further, additional and unnecessary words in a pleading "place[] an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material" from all the words. *Salahuddin*, 861 F.2d at 42 (citation omitted); *Komatsu v. City of New York*, No. 20 CIV. 7046 (ER), 2021 WL 3038498, at *5 (S.D.N.Y. July 16, 2021) (noting that "length is only one consideration under Rule 8"; instead, "length, redundancy and frequent frolics into seemingly irrelevant materials inhibit the Court and Defendants' ability to understand the nature of many of the issues" raised). Dismissal of a complaint for failure to comply with Rule 8 is generally reserved for cases where the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42.

Here, even construing liberally, Plaintiff's Amended Complaint fails to satisfy the requirements under Rule 8. Plaintiff's Amended Complaint is largely unintelligible as to how it relates to the Defendants. It fails to "disclose sufficient information to permit the defendant[s] to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *McCarthy v. Kaplan*, No. 24-CV-3286

4

(AMD) (JRC), 2024 WL 2862374, at *2 (E.D.N.Y. June 6, 2024) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). The Court and the defendants are unable to decipher with clarity the specific events and conduct giving rise to the claims Plaintiff is attempting to assert.

The Court, therefore, respectfully recommends that Plaintiff's Amended Complaint should be dismissed without prejudice. *See*, *e.g.*, *Blakely v. Wells*, 209 Fed. App'x 18, 20 (2d Cir. 2006) (summary order) (affirming dismissal of a 57-page complaint for unnecessary, confusing words); *Komatsu*, 2024 WL 1639281, at *6 (noting that plaintiff's 181-page amended complaint does not comply with Rule 8 because it does not provide a short and plain statement of his claims); *Azzarmi v. Neubauer*, No. 20-CV-9155 (KMK), 2022 WL 4357865, at *4 (S.D.N.Y. Sept. 20, 2022) (dismissing *pro se* complaint pursuant to Rule 8 where the complaint was 204 pages in length).

### B.  Leave to Amend

In light of Plaintiff's *pro se* status, the Court further respectfully recommends that she should be granted 30 days from the adoption of this Amended Report and Recommendation, if any, to file a second amended complaint. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) ("District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend."). Plaintiff is advised that if she files a second amended complaint, she must plead sufficient facts to allege a violation of her constitutional or federal rights and comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short and plain statement of her claim. If Plaintiff chooses to file a second amended complaint, she must identify the cause of action that is being pursued in this case, and name as proper defendants those individuals with some personal involvement in the action she alleges in the second

amended complaint. *See Iqbal*, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution.").

Further, Plaintiff is directed to set forth her factual allegations in numbered paragraphs organized chronologically. Each paragraph should be short and concise and state: (1) what is alleged to have occurred; (2) where possible, the date and location that the action is alleged to have occurred; (3) which of the Defendants is responsible for the alleged action; and (4) how the alleged action is related to a deprivation of Plaintiff's rights. A second amended complaint does not simply add to the prior complaints; once it is filed, it completely replaces the complaints filed before it. The second amended complaint must be captioned as "Second Amended Complaint" and bear the same docket number as this Order: 24-CV-653 (RPK)(MMH).

## IV. CONCLUSION

For the foregoing reasons, the Court respectfully and *sua sponte* recommends that Plaintiff's Amended Complaint, filed *in forma pauperis*, should be dismissed as to all Defendants for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. The Court further recommends that Plaintiff should be granted thirty (30) days' leave from the adoption of this Amended Report and Recommendation, if any, to file a second amended complaint as detailed above. If Plaintiff fails to file a second amended complaint within the time allowed or fails to show good cause why she cannot comply, the Court respectfully recommends that the case should be dismissed.

All further proceedings shall be stayed for 60 days. The Clerk of Court shall notify the United States Marshals Service that service of the summons and amended complaint is stayed

6

pending further notice. Defendants are not required to answer or other otherwise respond at this time.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 (https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project) for free, confidential, limited-scope legal assistance. A copy of the Legal Assistance Project's flyer is attached to this Amended Report and Recommendation.

Plaintiff consented to received electronic notifications of Court orders in this action. (*See* ECF No. 11.) In an abundance of caution, the Clerk of Court is respectfully directed to mail a copy of this Amended Report and Recommendation and the full docket sheet to Plaintiff at the mailing address on the docket: 868 Hancock Street, Apt. 1, Brooklyn, NY 11233.

Within 14 days of service, any party may serve and file specific written objections to this Amended Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Kovner. If a party fails to object timely to this Amended Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
October 11, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

7